

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joe Earnest
County Attorney
Mitchell County
Colorado City, Texas

Dear Sir:

Opinion No. O-7275

Re: Whether town lots in
Colorado City, conveyed
to Southwestern Univer-
sity in 1887, are exempt
from taxation.

Your request for opinion on the captioned subject
has been given careful consideration by this department.
From such request we quote the following:

"Southwestern University of Georgetown, Texas,
is the owner of certain lots and blocks in the city
of Colorado City which were given to it by Deed of
Gift to the Trustees of said university and their
successors, in May, 1887.

"These lots have been assessed for taxes by
Mitchell County for State and County taxes for
the years 1930 to 1945, inclusive, by the Colorado
Independent School District for the years 1927
to 1945, inclusive, and by the city of Colorado
City for the years 1920 to 1945, inclusive. None
of these taxes have been paid and all are delin-
quent. Southwestern University claims that these
lots are exempt from taxation under and by virtue
of an opinion rendered by the Hon. C. A. Sweeton,
Assistant Attorney General, to H. B. Terrell,
Comptroller, on June 15, 1916.

'All the buildings, libraries, lands,
apparatus, and other property of the
Southwestern University owned and held

by it at the time its charter was granted,
as well as such property thereafter ac-
quired by it, is exempted from any kind
of tax so long as such property is used
for the support and endowment of said
university.'

"Although these lots are and have been vacant
and unimproved every since 1887, they are claimed
to be a part of the endowment of Southwestern Uni-
versity, and exempt from taxation under the charter
granted by the Legislature to Southwestern Univer-
sity in 1875.

"A few months ago your department in an opinion
addressed to the County Attorney of San Saba County
held that 200 acres of land owned by said college
in said county is subject to taxation and that suit
could be brought thereon to collect the State and
County taxes.

"Your last opinion made no reference to the
former opinion of June 15, 1916, nor to the charter
granted by the legislature to Southwestern Univer-
sity in 1875, which exempted from taxation 'the
buildings, libraries, land, apparatus and other
property shall be exempt from any kind of tax so
long as used for the support or endowment of the
University'.

"It will be observed that your last opinion
on the San Saba County question is apparently in
direct conflict with the former opinion of June
15, 1916. I therefore submit the following
question for your determination:

"Are the town lots in Colorado City, above
mentioned, conveyed to Southwestern Univer-
sity in 1887, exempt from taxation by virtue
of the exemption provision in the charter
of Southwestern University, above quoted?"

Honorable Joe Earnest, Page 3

Section 4 of the Charter of Southwestern University granted to it by Acts 1875, 14th Legislature, 2nd Session, p. 27, Ch. 18, provided in part that:

". . . . the buildings, libraries, lands, apparatus and other property shall be exempt from any kind of tax so long as used for the support or endowment of the university."

At that time, the applicable constitutional provision (of the Constitution of 1869) permitted the exemption from taxation of "such property as two-thirds of both houses of the legislature may think proper to exempt from taxation . . . ." It appears, therefore, that the exemption of the property in question was authorized.

Therefore, we re-affirm the opinions of June 15, 1916, and of January 14, 1905, for the duration of the original charter so granted by the Legislature; that is, for the period from February 6, 1875, to February 6, 1925. By its own terms, such charter was to continue in force for 50 years from the date of its passage.

The original charter of Southwestern University expired on February 6, 1925. In purported compliance with the terms of Article 1315, R.C.S., this corporation was "revived" by filing a new charter with the Secretary of State, on May 30, 1944. This instrument sought to extend the life of the corporation for 50 years <u>from February 6, 1925</u>, the expiration date of the original charter. This new charter varied the terms of the original charter somewhat, for Article 5 thereof contains this provision:

". . . . And the buildings, libraries, apparatus, and other property shall be exempt from any kind of tax so long as used for the support and endowment of the University, <u>as provided in Section 2, Article 8 of the Constitution of the State of Texas</u>." (Emphasis ours)

The Constitution referred to in this Article of the new Charter is the Constitution of 1876, and therefore the question of exemption, vel non, of the properties of the

Honorable Joe Carwest, Page 4


University since February 6, 1925, must be determined by
the provisions of that Constitution and the statutes enacted
pursuant thereto. The University, through its proper officers,
has brought itself within the terms and provisions of the
Constitution of 1876, and must abide by it.

Article VIII, Section 2, of the Constitution
authorizes the Legislature to exempt from taxation by general
law certain named properties. This section reads in part as
follows:

". . . .The legislature may, by general laws,
exempt from taxation . . . . all buildings used
exclusively and owned by persons or associations of
persons for school purposes and the necessary furni-
ture of all schools . . . .; also the endowment
funds of such institutions of learning and religion
not used with a view to profit; and when the same
are invested in bonds or mortgages, or in land or
other property which has been and shall hereafter
be bought in by such institutions under foreclosure
sales made to satisfy or protect such bonds or mort-
gages, that such exemption of such land and property
shall continue only for two years after the purchase
of the same at such sale by such institutions and
no longer, . . . .; and all laws exempting property
from taxation other than the property above mentioned
shall be null and void." (Emphasis ours)

It is seen, therefore, that for an exemption to exist
it must be found in both the Constitution and the statute.
Article 7150 exempts from taxation, among other properties,
the following:

". . . . All public colleges, public academies,
and all endowment funds of institutions of learning
and religion not used with a view to profit, and
when the same are invested in bonds or mortgages,
and all such buildings used exclusively and owned
by persons or associations of persons for school
purposes; provided that when the land or other
property has been, or shall hereafter be, bought
in by such institutions under foreclosure sales
made to satisfy or protect bonds or mortgages in

when said endowment funds are invested, that
such exemption of such land and property shall
continue for two years after the purchase of
the same at such sale by such institutions and
no longer . . . ." (Emphasis added)

"Buildings" as used in the Constitution and the
statute has been held to include the land upon which the
same stand as well as such grounds thereabout as are used
in the actual operation of the school, such as yards and
recreational grounds. St. Edwards College v. Morris, 17
SW 512, 82 Tex. 1; Cassiano v. Ursuline Academy, 64 Tex.
673; Opinion No. O-1063; Opinion No. O-6435. Since the
lots in Colorado City are not adjacent to or even near the
campus of the University, they cannot come within the
above construction, and cannot be exempt thereunder.

Nor can these lots be considered exempt as a part
of the "endowment funds" of Southwestern University. They
are not funds, but real estate. They were acquired in 1887
by deed of gift, and not within the past two years by pur-
chase under foreclosure of a mortgage. A similar situation
was discussed by the Supreme Court in Harris v. City of Fort
Worth, 180 SW 2d 131, 135, where the Court said:

"The trust agreement describes the property
that constitutes the endowment fund for Texas
Christian University, but it is clear that the
real property owned by the trust fund is not
within the tax exemption, except for the two-year
exemption on land bought in at foreclosure sales.
The fact that the Constitution and the Statutes
grant this two-year exemption in favor of certain
real property negatives an intention to exempt
real estate generally as part of an endowment
fund. Millsaps College v. City of Jackson, 136
Miss. 795, 101 So. 574, affirmed 275 U.S. 129,
48 S. Ct. 94, 72 L. Ed. 196."

are constrained to hold, therefore, that the town lots in Colorado City, inquired about by you, are not exempt from taxation, and have not been exempt since February 6, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Arthur L. Moller
Assistant

APPROVED AUG 6 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____ CHAIRMAN

